COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DAVIS H. ELLIOT COMPANY, INC. AND
NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH                    MEMORANDUM OPINION[*]
                                            PER CURIAM
v.    Record No. 1009-97-3                SEPTEMBER 2, 1997

EVERETTE L. PRICE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Robert M. McAdam; David W. Hearn; Wooten &
              Hart, on brief), for appellants.

              (Everette L. Price, pro se, on brief).


     Davis H. Elliot Company, Inc. and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission (commission) erred in (1) awarding ten
percent permanent partial disability benefits to Everette L.
Price (claimant) for scarring to his leg; and (2) finding that
claimant's condition had reached maximum medical improvement.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Factual findings made by the commission will be upheld on appeal

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 487 S.E.2d 833, 835 (1989).

The commission viewed the scarring to claimant's leg and the medical records of Dr. Judith M. Szulecki, the treating dermatologist.  The commission's observations and Dr. Szulecki's medical records provide credible evidence to support the commission's finding that "the hypopigmentation of [claimant's] leg constitutes severely marked disfigurement, as defined by Code § 65.2-503."  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Dr. Szulecki, who diagnosed hypopigmentation with scarring as a result of high voltage injury, opined on May 21, 1996 that "the present findings are permanent since it has been approximately 8 years since his injury.  I don't feel any further improvement will occur."  Although Dr. Szulecki testified that Retin-A treatment might improve the thickness of the scarring, she admitted that it would not improve pigmentation nor could she state whether it would definitely work.  Based upon this evidence, the fact finder could reasonably conclude that claimant's scarring had reached maximum medical improvement.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be

2

disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Because credible evidence supports the commission's factual findings, they are binding and conclusive on appeal. Accordingly, we affirm the commission's award of ten percent permanent partial disability benefits. Claimant's motion to dismiss and request for an award of costs is denied.

Affirmed.